**Becky NGUYEN, Plaintiff-Appellant,**

v.

**LOCKHEED MARTIN CORPORATION, Defendant-Appellee.**

**No. 17-17027**

United States Court of Appeals, Ninth Circuit.

Submitted February 13, 2018 *

Filed February 22, 2018

Becky Nguyen, Pro Se

Tammy A. Brown, Michael William Foster, Attorney, Michael Wilbur, Foster Employment Law, Oakland, CA, for Defendant-Appellee

Before: LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

MEMORANDUM ***

Becky Nguyen appeals pro se from the district court's summary judgment in her diversity action alleging age and disability discrimination claims under the California Fair Employment and Housing ("FEHA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Deppe v. United Airlines*, 217 F.3d 1262, 1264 (9th Cir. 2000). We affirm.

The district court properly granted summary judgment because Nguyen failed to raise a genuine dispute of material fact as to whether defendant's non-discriminatory reason for laying her off was pretextual. *See Guz v. Bechtel Nat'l, Inc.*, 24 Cal.4th 317, 100 Cal.Rptr.2d 352, 8 P.3d 1089, 1113-14, 1118-19 (2000) (setting forth burden-shifting framework for analyzing claims of discrimination under the FEHA and noting that summary judgment for the employer is appropriate where, given the strength of the employer's legitimate reasons, any countervailing circumstantial evidence is too weak to raise a rational inference that discrimination occurred); *see also Hersant v. Cal. Dep't of Soc. Servs.*, 57 Cal.App.4th 997, 67 Cal.Rptr.2d 483, 487 (1997) ("[T]he ultimate issue [is] not whether the employer offered an unbelievable explanation for the adverse action but whether the employer acted for a discriminatory reason.").

We do not consider arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.